The PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellee,

v.

Joseph Mendiola QUIDACHAY, Defendant–Appellant.

No. 03–10081.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2004.

Filed July 1, 2004.

Curtis C. Van De Veld, Hagåtña, Guam, for the defendant-appellant.

Lewis W. Littlepage, Assistant Attorney General, Hagåtña, Guam, for the plaintiff-appellee.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

NOONAN, Circuit Judge:

Joseph Mendiola Quidachay appeals from the judgment of the district court of Guam affirming his conviction by the superior court of Guam of robbery and of criminal sexual conduct in connection with the robbery. In a memorandum decision filed simultaneously with this opinion we address most of the issues raised by his appeal. This opinion deals only with his contention that 9 Guam Code § 25.15(a) does not cover his criminal sexual behavior. Holding that it does, we affirm his conviction.

## FACTS AND PROCEEDINGS

According to the testimony of the employee of the business being robbed on August 20, 1993, a man entered the office, pointed a gun at her, and asked for money. He then instructed her to remove her clothes and to finger herself by inserting her finger in her vagina. Quidachay was subsequently identified as the robber and convicted both of robbery and of criminal sexual conduct in violation of 9 Guam Code § 25.15(a). The district court of Guam affirmed his conviction.

Quidachay appeals.

## ANALYSIS

9 Guam Code § 25.15(a) reads:

(a) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with the victim and if any of the following circumstances exists:

. . . .

(3) sexual penetration occurs under circumstances involving the commission of any other felony;

. . . .

(5) the actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon.

9 Guam Code § 25.10(a)(9) defines sexual penetration:

Sexual Penetration means sexual intercourse, cunnilingus, fellatio, anal intercourse or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required. . . .

Quidachay argues that he did not "engage in sexual penetration with the victim"; that the forbidden conduct requires the assailant's body to be in contact with the one assailed; that causing self-pen-

etration is no offense under the statute. The statute prohibiting intrusion of "any object into the genital or anal openings of another person's body" might be read as not covering the situation here presented, because the object that was intruded, namely the victim's finger, was not intruded into the body of another person, but into her own.

We are not convinced. By the threat of force that could have been lethal, Quidachay forced his victim to penetrate herself. Doing so he engaged in sexual penetration with her. Her finger became an object operating at his command. He successfully and criminally intruded with this object into a body which was not his. He committed the crime of which he was convicted. He engaged in sexual penetration with the victim.

AFFIRMED.